**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **LONNIE DEL COVALT** | ) |
| | ) |
| | ) **Civil Action No.** CIV-16-0402-HE |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| **EQUIFAX INFORMATION** | ) |
| **SERVICES LLC, CLEARSPRING** | ) |
| **LOAN SERVICES, INC.,** | ) |
| **SHELLPOINT MORTGAGE** | ) |
| **SERVICING, LLC, PNP** | ) |
| **MANAGEMENT SERVICES V, LLC** | ) |
| **AND DATA FACTS, INC.** | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

### PRELIMINARY STATEMENT

1. This is an action for damages brought by individual consumer, Lonnie Del Covalt, against Defendants for violations of the Fair Credit Reporting Act (hereinafter the "FCRA"), 15 U.S.C. §§ 1681, *et seq*. and the Fair Debt Collection Practices Act (hereafter the "FDCPA"), 15 U.S.C. §§ 1692, *et seq.*

### THE PARTIES

2. Plaintiff Lonnie Del Covalt is an adult individual residing in Edmond, OK.

3. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency that regularly conducts business in the Western District of Oklahoma and which has a place of business located at 1550 Peachtree Street Northeast, Atlanta, GA 30309.

4. Defendant ClearSpring Loan Services, Inc. (hereafter "ClearSpring") is a business entity regularly conducts business in the Western District of Oklahoma and which has a principal place of business located at 18451 North Dallas Parkway, Suite 100, Dallas, TX 75287. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect said debts.

5. Defendant, Shellpoint Mortgage Servicing, LLC, (hereafter "Shellpoint") is a business entity regularly conducts business in the Western District of Oklahoma and which has a principal place of business located at 75 Beattie Place, Suite 300, Greenville, SC 29601. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect said debts.

6. Defendant, PNP Management Services V, LLC, (hereafter "PNP") is a business entity regularly conducts business in the Western District of Oklahoma and which has a principal place of business located at 100 Quentin Roosevelt Blvd., Suite 204, Garden City, NY 11530. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect said debts.

7. Defendant Data Facts, Inc. ("Data Facts") is a consumer reporting agency that regularly conducts business in the Western District of Oklahoma and which has a place of business located at 8520 Macon Rd., Suite 2, Cordova, TN 38018.

## JURISDICTION & VENUE

8. Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

9. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

10. In or around October 2007, Plaintiff filed for Chapter 7 bankruptcy.

11. Plaintiff's bankruptcy was discharged on or about March 3, 2008.

12. Plaintiff included his home mortgage note, originally held by Bank of America, in the bankruptcy and the mortgage note was discharged as part of the bankruptcy.

13. Accordingly, after March 3, 2008, Plaintiff was no longer responsible for payment of the mortgage note and all collection activities was prohibited by bankruptcy law.

14. After the bankruptcy discharge, upon information and belief, Bank of America sold its interest in the mortgage to PNP.

15. After the bankruptcy discharge, upon information and belief, Bank of America sold its interest in the mortgage note to ClearSpring.

16. Thereafter, PNP, by and through its collection agent Shellpoint, began engaging in collection activities against Plaintiff by reporting the mortgage debt to the consumer reporting agency Equifax despite being prohibited from doing so under bankruptcy law and despite the fact that PNP had purchased only an interest in mortgage which is an interest in real property, not over Plaintiff's discharged debt.

17. Thereafter, ClearSpring also began engaging in collection activities against Plaintiff by reporting a delinquent mortgage note to the consumer reporting agency Equifax despite being prohibited from doing so under bankruptcy law.

18. ClearSpring further reported a false date of first delinquency so as to subvert the account's removal from Plaintiff's credit file due to its age.

19. Both ClearSpring and Shellpoint are debts that arose out of a transaction which was primarily for personal, family or household purposes.

20. Equifax further continued to include both the ClearSping and Shellpoint accounts within Plaintiff's credit file despite the fact that both accounts were reported as "included in bankruptcy" which necessitated that Equifax as a consumer reporting agency remove the account from Plaintiff's credit file as of March 2015.

21. On or around August 2015, Plaintiff applied for a mortgage with RCB Bank.

22. As part of the application process, RCB Bank obtained a credit report from Data Facts which included information obtained from Equifax and two other national consumer reporting agencies, Experian and TransUnion.

23. Due to Data Facts faulty procedures, Data Facts sold the report to RCB Bank with the ClearSpring account included in the report despite the fact that it was obvious from the face of the report that Equifax was the only consumer reporting agency reporting the ClearSpring account containing adverse information that should have necessitated removal of the account from Plaintiff's credit file. *See Ocasio v. Corelogic Credco,* 2015 WL 5722828 (D.N.J. 2015).

24. Plaintiff's mortgage application as a result was denied in whole or in substantial part based on the erroneously reported ClearSpring account.

25. The ClearSping and Shellpoint accounts both negatively reflect upon Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

26. Equifax and Data Facts have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

27. Plaintiff further has disputed the ClearSpring account with Equifax by following Equifax's established procedures for disputing consumer credit information.

28. Plaintiff has disputed the inaccurate information with Equifax from May 2015 through the present.

29. Notwithstanding Plaintiff's efforts, Equifax has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Equifax continues to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Equifax has repeatedly published and disseminated consumer reports to such third parties from at least May 2015 through the present.

30. Despite Plaintiff's efforts, Equifax has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; or (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

31. Notwithstanding Plaintiff's disputes, ClearSpring has also failed to conduct timely and reasonable investigations of Plaintiff's disputes after being contacted by the relevant credit reporting agencies concerning Plaintiff's disputes, has willfully continued to report such inaccurate information to various credit reporting agencies, and has failed to mark the above account as disputed.

32. Despite Plaintiff's exhaustive efforts to date, Defendants Equifax and ClearSpring have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of their reinvestigations

to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

33. Plaintiff's credit reports and file have been obtained from Defendants Equifax and Data Facts and have been reviewed by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving credit offers and opportunities, known and unknown, and from receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

34. ClearSpring, PNP and Shellpoint further engaged in collection activities as described above the natural consequence of which was to harass, oppress and abuse Plaintiff.

35. ClearSpring, PNP and Shellpoint further engaged in collection activities as described above which were false and misleading including: (a) the false representation of the character, amount or legal status of the debts at issue; (b) communicating credit information which they knew or should have known to be false including failing to communicate that the debts at issue were disputed; and (c) using false representations and deceptive means to collect the debts at issue.

36. ClearSpring, PVP and Shellpoint further engaged in unfair collection practices as described above by using unfair and unconscionable means to collect the debts at issue including collecting on a debt that is expressly prohibited by law.

37. As of result of Defendants' conduct, Plaintiff has suffered actual damages in the form of credit opportunity opportunities, harm to credit reputation and credit score, and emotional distress, including humiliation and embarrassment.

38. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

39. At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT I – EQUIFAX
## VIOLATIONS OF THE FCRA

40. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41. At all times pertinent hereto, Defendant was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

42. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

43. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

44. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Equifax is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681c-1, 1681e and 1681i.

45. The conduct of Equifax was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Equifax is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT II – DATA FACTS
## VIOLATIONS OF THE FCRA

46. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

47. At all times pertinent hereto, Data Facts was a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

48. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

49. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

50. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Data Facts is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681c-1 and 1681e(b).

51. The conduct of Data Facts was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to Plaintiff that are outlined more fully above and, as a result, Data Facts is liable to Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## COUNT III – CLEARSPRING
## VIOLATIONS OF THE FCRA

52. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

53. At all times pertinent hereto ClearSpring was a "person" as that term defined by 15 U.S.C. § 1681a(b).

54. ClearSpring violated sections 1681n and 1681o of the FCRA by willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

55. ClearSpring's conduct was a direct and proximate cause, as well as a substantial factor, in causing the serious injuries, damages and harm to the Plaintiff that are outlined more fully above, and as a result ClearSpring is liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as such other relief, permitted by law.

### COUNT IV – CLEARSPRING, SHELLPOINT AND PNP
### VIOLATIONS OF THE FDCPA

56. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

57. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

58. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

59. The above contacts between Defendants and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

60. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, violations of 15 U.S.C. §§ 1692d, 1692e(2)(A), 1692e(8), 1692e(10) and 1692f and 1692f(1) as evidenced by the following conduct:

   (a) Engaging in collection activities as described above the natural consequence of which was to harass, oppress and abuse Plaintiff;

   (b) The false representation of the amount, character or legal status of a debt;

(c) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false including the failure to communicate that a disputed debt is disputed;

(d) Using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect a debt from the Plaintiff; and

(e) Using unfair and unconscionable means to collect the debts at issue including collecting on a debt that expressly prohibited by law.

## JURY TRIAL DEMAND

61. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

(d) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §§ 1681n, 1681o and 1692; and

(e) Such other and further relief as may be necessary, just and proper.

        Respectfully Submitted,

        **FRANCIS & MAILMAN, P.C.**

BY:    */s/ Gregory Gorski*
        GREGORY GORSKI, ESQUIRE
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600

        Attorneys for Plaintiff

Dated: April 20, 2016